IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL MEDRANO, on his own behalf and
on behalf of all others similarly situated,

　　　　　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　　　　Civ. No.  16-350 JCH/KK

FLOWERS FOODS, INC., and
FLOWERS BAKING CO. OF
EL PASO, LLC,

　　　　　　　　Defendants.


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's *Motion for Conditional Certification to Proceed As A Collective Action And For Court-Authorized Notice* [Doc. 26]. Plaintiffs claim that Defendants Flowers Foods, Inc. ("Flowers Foods") and Flowers Baking Co. of El Paso, LLC ("Flowers El Paso") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by misclassifying Medrano and the putative plaintiffs, who are bakery distributor drivers, as independent contractors. This misclassification, Medrano claims, has deprived them of overtime pay due under the FLSA. After reviewing the motion, the response, the reply, and supplemental authorities, the Court concludes that the motion for conditional certification under the FLSA should be granted. Plaintiff also moves to include his state law claim under the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-22 et seq., within his FLSA conditional certification on the grounds that the state statute's provisions for collective action, as well as its standard for conditional certification, are virtually identical to those of the FLSA. Defendants oppose this portion of the motion, arguing that when one pursues a class action for

state law claims in federal court, the Rules Enabling Act requires the Court to apply Rule 23 of the Federal Rules of Civil Procedure to the class certification process. The Court agrees with the Defendants, and therefore at this time will deny the portion of the motion requesting certification of the NMMWA claim.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court draws the following facts from Plaintiff's Complaint [Doc. 1], the motion for conditional certification [Doc. 26], and Defendants' response brief [Doc. 31].

Flowers Foods is a Georgia corporation that develops and markets bakery products for national sale through a network of subsidiary bakeries. One of these is Flowers El Paso, which operates thirteen warehouses throughout New Mexico and ten warehouses in Texas. Like the other subsidiaries, Flowers El Paso is responsible for distributing baked goods in a specific geographical area and operating Flowers Foods' local sales and distribution operations. Individual distributors such as Plaintiff are hired to sell and distribute the products to Defendants' customers.

In order to work as a distributor, which Defendants characterize as an "independent contractor franchisee," one must enter into a Distributor Agreement with Defendants. Medrano has alleged that the Distributor Agreement that he signed is substantially similar in all material respects to those signed by each of the plaintiffs who have already consented to join the lawsuit, as well as to those signed by the putative collective action plaintiffs. Under the agreements, distributors purchase the right to buy baked goods from Flowers El Paso at a discount and then sell those products to various customers in an assigned geographical area. Plaintiffs allege that although the Defendants and the Distributor Agreements represent that distributors would have

the ability to run their businesses independently, use their business judgment, and manage their businesses to increase profitability, in reality the Defendants exercised complete control over all the material aspects of the distributors' business. According to declarations [Docs. 26-3 and 26-4] filed by Medrano and  Ernest Martinez (who has joined the lawsuit as a plaintiff), the Defendants negotiated all the material terms of the relationship with the buyers of the baked goods, including product selection, shelf space, wholesale and retail pricing, the right to display promotional materials, and print advertisement in retailers' newspaper ads. Both Medrano and Martinez state that Defendants required them to work more than 40 hours per week, and they also state their belief that Defendants required other distributors to do the same. Plaintiffs contend that Defendants even controlled which days they were required to deliver baked goods to certain buyers, required them to process all transactions through a handheld computer provided by Defendants, and forced them to follow Defendants' instructions regarding pricing, policies, and procedures negotiated between Flowers Foods and its retail customers. Plaintiffs claim that despite this, Defendants improperly classified them as independent contractors and refused to pay them for overtime hours worked. On the other hand, Defendants dispute this, contending that a distributor is an independent contract who can maximize his profits by increasing sales to his customers, controlling his expenses, and exercising discretion regarding product pricing, selections, promotions, and displays with regard to "cash customers," which are generally smaller retailers.

On April 27, 2016, Medrano filed his Complaint in this judicial district asserting claims that Defendants had improperly characterized him (and those similarly situated) as independent contractors in order to escape their obligation to pay overtime, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New Mexico Minimum Wage Act

("NMMWA"), N.M. Stat. Ann. § 50-4-22 et seq. On May 23, 2016, Defendants filed their answer. Doc. 7. Subsequently, eight other distributors have filed their consents to become named plaintiffs in this case. *See* Docs. 23-25, 29, 32, 34-35, 42.  On October 6, 2016, Medrano filed the motion for conditional certification of collective action that is currently before the Court.

## DISCUSSION

I.    **COLLECTIVE ACTION UNDER THE FLSA**

A.    **Legal Standard**

The FLSA expressly allows employees to maintain a class action for overtime pay on their own behalf and on behalf of all others "similarly situated." 29 U.S.C. § 216(b). Section 216(b) of the FLSA provides, in pertinent part:

> Any employer who violates [the minimum wage or maximum hours provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

District courts have discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b) of the FLSA.  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b), like the decision to certify a class under Rule 23, remains soundly within the discretion

of the district court").  The power to authorize notice must, however, be exercised with discretion and only in appropriate cases.  *See Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983).

The Tenth Circuit Court of Appeals has approved a two-tiered, "ad hoc" approach to determine whether named and prospective plaintiffs are "similarly situated" such that certification is proper.  *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).  The standard for certifying an FLSA collective action is fairly loose initially, until discovery is completed. During this initial "notice stage," courts require only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.*; *Morisky v. Pub. Serv. Elec. and Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000). Then, the parties send notice to prospective class members and discovery proceeds.  The prospective class members must affirmatively express their desire to join the litigation.[1]  After the completion of discovery, the defendant may file a motion for decertification. Because at that point the record has been fully developed, the court applies a "stricter standard," analyzing factors, such as "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations ...."  *Thiessen*, 267 F.3d at 1102-03 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

**B.**    **Analysis**

The named plaintiffs move the Court for conditional certification of the collective action and to send court-approved notice to putative members of the collective action pursuant to 29

---

[1] This "opt in" procedure required under the FLSA is dissimilar to a standard class action under Rule 23 of the Federal Rules of Civil Procedure, where all potential plaintiffs are bound by the judgment unless they "opt out."  The requirements of Rule 23 do not apply to FLSA actions and no showing of numerosity, commonality, typicality and adequacy of representation need be made.  *See Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 84 (S.D.N.Y. 2001).

U.S.C. § 216(b). The named plaintiffs seek to include all of the following persons in the collective action:

> All individuals who are performing or have performed work as "Distributors" for Defendants under a "Distributor Agreement" or a similar written contract with Flowers El Paso and who file a consent to join this lawsuit pursuant to 29 U.S.C. § 216(b).

Plaintiff's *Motion for Conditional Certification to Proceed As A Collective Action And For Court-Authorized Notice* [Doc. 26] at 2.

As discussed above, at the "notice stage," before the completion of discovery, the Court uses a lenient "similarly situated" standard, which "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (brackets, citations, and internal quotation marks omitted). At this stage, the Court "does not weigh the evidence, resolve factual disputes, or rule on the merits" of the plaintiffs' claims. *Greenstein v. Meredith Corp.*, 948 F. Supp. 2d 1266, 1267 (D. Kan. 2013) (Robinson, J.) (citation omitted).

This standard is not a rigorous one, and Plaintiffs have satisfied it here. They have alleged that they are distributors with similar job duties, that they have all signed similar Distributor Agreements regarding their employment, that Defendants have exercised complete control over all the material aspects of the distributors' business, and that Defendants have improperly declined to pay overtime to any of them based upon the Distributor Agreements. This is enough to demonstrate that they are similarly situated for purposes of conditional certification.

However, Defendants argue that the Court should not grant conditional certification because Medrano has not adequately alleged that the putative class members were victims of a single unlawful decision, policy, or plan. That is plainly not the case, as Medrano has clearly alleged that the Defendants' unlawful decision or policy is to improperly misclassify its

employee distributors as independent contractors in order to avoid paying overtime compensation. Defendants go on to argue that the merits of the Plaintiff's underlying legal claim, asserting that the "economic realities" of Medrano distributor relationship with Defendants made him an employee rather than an independent contractor. Thus, Defendants contend that Medrano has failed to demonstrate that Defendants' actions were unlawful. However, Defendants' argument is premature. Any variation in the putative class members' job responsibilities is a factor to be considered at the second stage of the analysis after completion of discovery. Similarly, the Court need not determine whether Plaintiffs' claims are meritorious at this stage. A plaintiff need not prove at this first step in the certification process that they were actually misclassified as independent contractors. Rather, it is sufficient that they demonstrate that they have been treated alike by the same employer for similar reasons. Thus, the motion for conditional certification will be granted.

Defendants further allege that Medrano and Martinez's affidavits, which address their own working conditions in Albuquerque, cannot be extended to include working conditions for distributors in other parts of New Mexico or in Texas. Again, the Court disagrees. Here, the proposed class is to include all distributors who are controlled by the same subsidiary of Flowers. It is reasonable to infer that Flowers El Paso uses the same Distributor Agreement for all of its distributors. As such, the Court will not limit the scope of the proposed collective action, and the motion will be granted as to Plaintiff's FLSA claim.

However, the Court does agree with Defendants that the definition of the class as proposed by Medrano is unclear. Specifically, it contains no temporal limitation and therefore could be construed to include putative plaintiffs whose claims fall outside the FLSA's limitations period. Therefore, the Court concludes that Medrano must amend his definition to include an

FLSA limitations period of three years for willful violations of the FLSA. As Defendants correctly note, this three-year period is commonly used by courts that conditionally certify a collective action, rather than a two-year period for non-willful violations, because the question of willfulness goes to the underlying merits of the case.

Finally, Defendants ask the Court to order the parties to confer on the form of the notice to be sent to potential plaintiffs. Defendants state that there are issues—such as the length of time allotted to distributors to opt into the class, whether the notice should contain the Court's heading or case caption, elimination of references to the NMMWA, the font and position of the "disclaimer" regarding the Court's determination of the merits, the method of providing notice, etc.—which make the proposed notice deficient or confusing. The Court agrees that the notice proposed by Plaintiff is inadequate in certain respects and that in light of this Court's ruling herein, it would be proper for the parties to meet and confer regarding the content of the notice. Accordingly the parties have until **July 21, 2017** to confer regarding the content and form of the notice to potential class members. No later than that date, the parties must provide the Court with either (1) their stipulated form of notice, or (2) their respective briefs outlining areas of disagreement, authorities in support of their respective positions, and their respective proposed forms of notice.


## II.      THE NEW MEXICO MINIMUM WAGE ACT

Plaintiffs argue that this Court should grant conditional certification of their state law claim under the NMMWA under the same terms as their FLSA claim. As grounds for this argument, Plaintiffs contend that Section 50-4-26 of the NMMWA authorizes a collective action, and "it simply does not make sense that a Plaintiff who need only meet the very lenient

requirements of this ad-hoc approach for conditional certification of his claims under the FLSA would need to meet the significantly more stringent requirements of Rule 23 in order to certify similar claims brought pursuant to state law…" Doc. 33 at 9. Defendants dispute this argument, citing the requirement that under the Rules Enabling Act and *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), a collective action to enforce state law brought in federal court must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

First, it is true that Section 50-4-26(D) of the NMMWA allows for collective actions. It provides: "An action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and on behalf of the employee or employees and for other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action on behalf of all employees similarly situated." Interpreting this provision, the New Mexico Court of Appeals acknowledged the similarity in language between the NMMWA and the FLSA, as both allow collective actions for employees who are "similarly situated." *Armijo v. Wal-Mart Stores, Inc.*, 168 P.3d 129, 144 (N.M. Ct. App. 2007). To assist in interpreting this language, the court turned to the FLSA and federal court decisions interpreting that statute, including *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d at 1102-05. For the same reasons that the Tenth Circuit espoused in *Thiessen*, the New Mexico Court of Appeals endorsed a two-tiered, "ad hoc" method of determining whether the putative class plaintiffs are similarly situated to the named plaintiff for purposes of conditionally certifying a NMMWA claim as a collective action in state court. *Armijo*, 168 P.3d at 145.

Second, it is also true that the Supreme Court's decision in *Shady Grove* appears to support the conclusion that Rule 23, and not the New Mexico Court of Appeals' decision in *Armijo*, determines whether to certify a collective action in an NMMWA claim in federal court.

In *Shady Grove*, the plaintiff sued Allstate insurance company under New York state law to recover unpaid statutory interest on overdue benefits. 559 U.S. at 397. Alleging that Allstate routinely refuses to pay interest, the plaintiff sought relief on behalf of itself and a class of all others to whom Allstate owed interest. *Id*. The district court had dismissed the suit for lack of jurisdiction. It reasoned that state law, which provided that a lawsuit to recover a "penalty" may not proceed as a class action, applies in diversity suits in federal court, despite Federal Rule of Civil Procedure 23. Concluding that statutory interest is a "penalty" under New York law, the district court held that state law prohibited the proposed class action.

The Supreme Court disagreed, with a five-justice majority concluding that the state law did not preclude a federal district court sitting in diversity[2] from entertaining a class action under Rule 23. *Id*. at 398-400. The Court noted that the first step was to determine whether Rule 23 answers the question in dispute: whether plaintiff Shady Grove's suit under state law could proceed as a class action. *Id*. at 398. The Court answered this question in the affirmative, noting that Rule 23 sets out with some specificity the circumstances under which a class action may be maintained:

> By its terms this creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action. . . . Thus, Rule 23 provides

---

[2] In this case, this Court exercises federal question jurisdiction over Plaintiffs' FMLA claim and supplemental jurisdiction over Plaintiffs' NMMWA claim. In contrast, in *Shady Grove* the conflict between state law and Rule 23 arose in the context of diversity jurisdiction, *id*. at 1436. However, the *Shady Grove* opinion contains no language suggesting that its holding is limited to diversity jurisdiction cases. Indeed, federal courts in other districts have rejected the argument that *Shady Grove* is inapplicable where a court is exercising supplemental jurisdiction. *See, e.g., Morris v. Alle Processing Corp.*, No. 08-CV-4874 (JMA), 2013 WL 3282948 (E.D.N.Y. June 27, 2013) (rejecting the argument that the Supreme Court limited the holding of *Shady Grove* to cases of diversity jurisdiction); *Chenensky v. New York Life Insurance Co*., Nos. 07-CV-11504, 09-CV-3210, 2012 WL 234374, at *2 (S.D.N.Y. Jan.10, 2012) ("The Erie analysis driving *Shady Grove* applies to courts exercising supplemental jurisdiction as well as those exercising diversity jurisdiction."). Finally, Plaintiffs have not argued that *Shady Grove* does not apply because this is not a diversity case.

a one-size-fits-all formula for deciding the class-action question. Because [state law] attempts to answer the same question—i.e., it states that Shady Grove's suit "may not be maintained as a class action" (emphasis added) because of the relief it seeks—it cannot apply in diversity suits unless Rule 23 is ultra vires.

*Id.* at 398-99 (citations and quotation omitted). As a result of this direct conflict, the Court concluded that Rule 23 governs the question of suitability for collective action, New York's law notwithstanding. Then, as it has with every other federal rule that has been challenged, the Court held that Federal Rule of Civil Procedure 23 was statutorily authorized under the Rules Enabling Act. *See id.* at 408 ("Applying that criterion, we think it obvious that rules allowing multiple claims . . . to be litigated tougher are also valid" and holding that "Rule 23 . . . falls within § 2072(b)'s authorization") (citations omitted).

Here, the question before the Court is what showing must the Plaintiffs make in order to advance their NMMWA claim as a collective action? Applying the analysis in *Shady Grove*, the Court concludes that both Rule 23 and New Mexico state law (as set forth in *Armijo*) attempt to answer that question, although they provide different answers. In the face of that direct conflict, and guided by the Supreme Court's holding in *Shady Grove* that Rule 23 is valid under the Rules Enabling Act, this Court concludes that in order to advance their NMMWA as a collective action in federal court, Plaintiffs must meet the requirements of Rule 23. In fact, this same question of whether plaintiffs advancing a NMMWA claim must comply with Rule 23 has been addressed on at least two occasions in the District of New Mexico. In both instances, the court has interpreted *Shady Grove* to require a plaintiff bringing a NMMWA claim in federal court to meet the requirements of Rule 23 in order to assert a collective action under that statute. *See Abrams v. City of Albuquerque*, Civ. No. 10-0872, 2014 WL 11497810, at *12 & n.7 (D.N.M. June 26,

2014) (Vazquez, J.); *Casias v. Distribution Mgmt. Corp.*, Civ. No. 11-874 MV/RHS, Doc. 122, slip op. at 12-18 (D.N.M. Mar. 31, 2014) (Vazquez, J.).

Further, the Court is not persuaded by the authorities cited by Plaintiffs on this matter. Plaintiffs contend that conditional certification is proper under both the FLSA and state law when the state law, like the NMMWA, uses the same "ad hoc," two-step conditional certification procedure for claims made by other employees who are "similarly situated." Doc. 33 at 9. In support of this, Plaintiffs cite *Blount v. U.S. Sec. Assocs.*, 945 F. Supp. 2d 88, 92 (D.D.C. 2013). It is true that the plaintiffs in *Blount* sued under both the FLSA and "state" law, the D.C. Minimum Wage Act Revision Act, and it does appear that the district court simultaneously conditionally certified a class under both statutes. However, unlike in this case, there is no suggestion in the *Blount* opinion that the defendants raised the question of whether Rule 23 should apply to the state law claim, and the court simply does not address it. Similarly, the *Blount* court does not undertake any analysis of *Shady Grove* or the Rules Enabling Act in determining whether Rule 23 applied to the D.C. state law. Instead, the *Blount* court merely states in conclusory fashion that the collective action "is not subject to the numerosity, commonality, and typicality requirements of a class action under Federal Rule of Civil Procedure 23." *See* 945 F. Supp. 2d at 92. Importantly, the sole case that *Blount* cites in support of this assertion, *Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004) is of little help because in *Hunter* there was no state law claim at issue, only an FLSA claim. Thus, *Hunter* is irrelevant to the question of whether Rule 23 should apply to a state statute that is analogous to the FLSA. The final case that Plaintiffs cite, *Dinkel v. Medstar Health, Inc.*, 880 F. Supp. 2d 49 (D.D.C. 2012), is similarly unavailing because there "the parties agree[d] that conditional certification is governed by the same standard under the FLSA and DC-MWA. The Court need

not and does not question this assumption." *Id.* at 53 n.3. Thus, *Dinkel* sheds no light on the question presented here.

Plaintiffs argue that it makes more sense to apply *Armijo*'s ad hoc standard to their NMMWA claim because it is virtually identical to the standard the Court has already applied under the FLSA. Although this argument has a certain intuitive logic, the Court is bound by *Shady Grove*, the Rules Enabling Act, and Rule 23 of the Federal Rules of Civil Procedure. Thus, if the Plaintiffs wish to pursue their NMMWA claim as a collective action, they must seek class certification under Rule 23.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Conditional Certification to Proceed As A Collective Action And For Court-Authorized Notice* [Doc. 26] is **GRANTED IN PART** as to Plaintiff's claim under the Fair Labor Standards Act, and **DENIED IN PART** as to Plaintiff's claim under the New Mexico Minimum Wage Act. As described herein, the parties must meet and confer regarding the content and form of the notice to potential class members, and then inform the Court of the results no later than **July 21, 2017**.

_____
**UNITED STATES DISTRICT JUDGE**