IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL MEDRANO, on his own behalf and
on behalf of all others similarly situated,

                Plaintiff,

vs.                                           Civ. No. 16-350 JCH/KK

FLOWERS FOODS, INC., and
FLOWERS BAKING CO. OF
EL PASO, LLC,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on *Plaintiff's Motion for Leave to File Amended Complaint* [Doc. 67], as well as *Defendants' Opposed Motion to Dismiss or, in the Alternative, to Compel Individual Arbitration* [Doc. 75]. The Court has reviewed all the briefs and arguments submitted by the parties with respect to both motions and concludes that while the motion for leave to file an amended complaint should be denied, the motion to dismiss should be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Flowers Foods, Inc. is a Georgia corporation that develops and markets bakery products for national sale through a network of subsidiary bakeries. One of these is Flowers Baking Co. of El Paso ("Flowers El Paso"), which operates thirteen warehouses throughout New Mexico and ten warehouses in Texas. Like the other subsidiaries, Flowers El Paso is responsible for distributing baked goods in a specific geographical area and operating Flowers Foods' local sales and distribution operations. Individual distributors such as Plaintiff are hired to sell and distribute the products to Defendants' customers.

In this case, Plaintiffs claim that Flowers Foods and Flowers El Paso violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by misclassifying lead Plaintiff Paul Medrano and the opt-in plaintiffs, who are bakery distributor drivers, as independent contractors. This misclassification, Medrano claims, has deprived them of overtime pay to which they are entitled.

On April 27, 2016, Medrano filed his Complaint [Doc. 1] in this judicial district asserting claims that Defendants had improperly characterized him (and those similarly situated) as independent contractors in order to escape their obligation to pay overtime, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-22 et seq. On May 23, 2016, Defendants filed their answer. [Doc. 7]. Subsequently, numerous other distributors have filed their consents to become named plaintiffs in this case.

On July 1, 2016, only weeks after Medrano filed suit, the parties submitted to the Court a Joint Status Report and Provisional Discovery Plan proposing a September 1, 2016 deadline for amending pleadings and joining parties. Doc. 15 at 2. On July 12, 2016, the Court adopted the parties' proposed September 1, 2016 deadline to amend pleadings and join parties. Doc. 17 at 2. The July 12, 2016 Order also required the parties, following the Court's ruling regarding conditional collective action certification, to submit a new, proposed case management order. *Id*. On October 14, 2016, the parties filed a Joint Motion to Amend/Correct the July 12, 2016 Order ("Joint Motion to Amend/Correct"). Doc. 27. Notably, the parties did not propose new deadlines regarding pleading amendments and joinder of parties. Five days later, the Court granted the Joint Motion to Amend/Correct. Doc. 30.

On July 3, 2017, the Court conditionally certified Medrano's FLSA claims as a collective action, but denied conditional certification of his NMMWA claims, concluding that "if the Plaintiffs wish to pursue their NMMWA claim as a collective action, they must seek class certification under Rule 23." Doc. 43 at 13.

On October 2, 2017, the opt-in period for those distributors wishing to join the FLSA collective action expired.

On October 3, 2017, the parties submitted a Joint Motion to Further Amend the Joint Amended Provisional Discovery Plan and to Amend Case Management Deadlines ("October 2017 Joint Motion to Amend"). *See* Docs 53, 53-1. Once again, the parties did not propose another deadline to amend pleadings or join parties. *See id*. The next day, the Court granted that motion. Doc. 66.

On October 20, 2017, Medrano filed the present motion for leave to amend his complaint. In his proposed amended complaint, Medrano seeks to add nine[1] individuals as named plaintiffs (all of whom are already opt-in plaintiffs with regard to the FLSA collective action) for the purpose of asserting their individual claims under the NMMWA. The proposed amended complaint would also add the individual retaliation claim of David Salas (one of the nine) under the NMMWA.

**DISCUSSION**

**I.  Motion for Leave to Amend**

Plaintiff moves the Court for leave to amend the complaint to add ten Plaintiffs' individual claims for violation of the NMMWA. Defendants oppose the amendment on the

---

[1] A tenth individual plaintiff, Jamie Rios, may not assert claims in the proposed amended complaint because he claims are covered by a valid arbitration agreement. *See* Section II, *infra*.

3

grounds that the request is untimely and Medrano has not shown good cause for his failure to act in a timely manner.

A. **Legal Standard**

The Tenth Circuit has held that "[a]fter a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Rule 16 of the Federal Rules of Civil Procedure requires a good cause showing. It provides a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id*. Therefore, parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so. *Id*. at 1241.

Federal Rule of Civil Procedure 15(a)(2) provides that, after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule specifies that "[t]he court should freely give leave when justice so requires." The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or

4

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

B.   <u>Analysis</u>

There is no dispute that Medrano's motion for leave to amend comes more than a year after the September 1, 2016 deadline to amend pleadings, or that Medrano has never filed a motion to extend the pretrial order's deadline for amendment of pleadings.

Medrano has not adequately explained why he has good cause for failing to move for such an extension and modification of the scheduling order, as required under Rule 16(d). Instead, his arguments focus mainly on why Defendants will not be prejudiced by the amendment and why the amendment will not waste judicial resources. What is lacking from Medrano's briefs is an explanation of his failure to file a motion for extension of the deadline. Having plead a claim under the NMMWA in the original complaint, Medrano certainly knew from the beginning of the possible need for amendment to assert other individuals' NMMWA claims. He contends that "Plaintiffs could not have moved to amend the complaint until the opt-in period closed on October 2, 2017, at which time Plaintiffs became aware of the total number of Plaintiffs who had individual claims under the NMMWA that could not be brought as part of a collective action." Doc. 69 at 3. While it is true that Medrano could not have known the identities of all the opt-in plaintiffs before October 2, 2017, he did have enough information as of July 3, 2017—the date of the Court's previous Memorandum Opinion and Order—to conclude that in order to add any individual claims under the NMMWA he would need to file an amended complaint.[2] He may not have known specifically which individuals would assert such claims, but

---

[2] The Court does not agree with Defendants' characterization of the Court's July 3, 2017 Memorandum Opinion and Order. *See* Doc. 68 at 5 n.1 and at 6. In that opinion, the Court held that in order to pursue the NMMWA claims through the procedural vehicle of a collective action,

5

he knew that in order to protect their right to add them to this case he would need to amend his complaint. He did not ask to extend the scheduling order's deadline to do so, and now he fails to explain why not.

Even after the opt-in period closed on October 2, 2017 and he knew the identities of all the opt-in plaintiffs, Medrano still did not ask to extend the deadline for amending the complaint. He had an opportunity to do so on October 3, 2017, when the parties submitted their joint motion to amend case management deadlines. Again, Medrano did not ask for an extension of the deadline for amending pleadings, and again he does not explain why. Instead, he waited two and a half weeks and then filed the current motion. He has failed to meet his burden under Rule 16(d) to show good cause to alter the scheduling order.

Having concluded that Medrano has failed to show good cause under Rule 16(b)(4), the Court need not reach the question of whether leave to amend should be granted under Rule 15(a). *Gorsuch, Ltd.*, 771 F.3d at 1242 ("Having concluded Gorsuch Cooper and Aspen lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so.").

Plaintiff's motion for leave to amend will be denied.

## II. Motion to Dismiss or to Compel Arbitration [Doc. 75]

This motion pertains only to opt-in Plaintiff Jamie Rios, who filed his Notice of Consent to Join Lawsuit on September 22, 2017 [Doc. 50]. Defendants contend that under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., Rios' claims should be dismissed or stayed

---

Plaintiffs would have to make the required showing under Fed. R. Civ. Pro. 23. Doc. 43 ("[I]f the Plaintiffs wish to pursue their NMMWA claim as a collective action, they must seek class certification under Rule 23."). The Court did not foreclose Plaintiffs' ability to pursue their NMMWA claims individually.

because he entered a valid and binding arbitration agreement, which includes a class action waiver. Rios did not file a response to the motion. Under our Local Rules for this district, failure to respond constitutes consent to grant the motion. D.N.M. LR-Civ. 7.1(b).

"The FAA reflects the fundamental principle that arbitration is a matter of contract." *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010). "The FAA thereby places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Center*, 561 U.S. at 67-68 (internal citations omitted). Thus, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). Under the FAA, a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA does not "purport[ ] to alter background principles of state contract law regarding the scope of agreements (including the question of who is bound by them)." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630 (2009).

Here, the Court has reviewed the Memorandum, the Amendment to Distributor Agreement, and the Arbitration Agreement that Defendants submitted to the Court as Doc. 75-1. Based upon that review, the Court is satisfied that the Arbitration Agreement is valid, enforceable, and applicable to Rios' claims against Defendants in this case. It is not only signed by the parties and is unambiguous, but also is supported by adequate consideration. The Arbitration Agreement states that it applies to "claims alleging that DISTRIBUTOR was misclassified as an independent contractor, any other claims premised up DISTRIBUTOR's alleged status as anything other than an independent contractor . . . and claims for alleged unpaid compensation … under either federal or state law." Thus, it applies to Rios' claims against

Defendants. Finally, in several places the Arbitration Agreement states in straightforward language that claims covered by the agreement must be resolved by an individual, binding arbitration and that the parties are giving up the right to a collective or class action.

In light of the foregoing, the Court will grant Defendants' motion and dismiss Rio's claims so that he may pursue them in arbitration.

**IT IS THEREFORE ORDERED** that:

(1) *Plaintiff's Motion for Leave to File Amended Complaint* [Doc. 67] is **DENIED**, and

(2) *Defendants' Opposed Motion to Dismiss or, in the Alternative, to Compel Individual Arbitration* [Doc. 75] is **GRANTED**, and the claims of Plaintiff Jamie Rios are **DISMISSED WITHOUT PREJUDICE**.

_____
**UNITED STATES DISTRICT JUDGE**