IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL MEDRANO on his own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.                                                              Case No. 16-350 JCH/KK

FLOWER FOODS, INC. *et al.*,

    Defendants.

## ORDER GRANTING IN PART PLAINTIFFS' MOTION
## TO FILE CERTAIN EXHIBITS UNDER SEAL

THIS MATTER is before the Court on Plaintiffs' Motion to File Certain Exhibits Under Seal (Doc. 165), filed January 24, 2019. The Court, having reviewed the motion and having noted that it is unopposed, FINDS that the motion is well taken in part and should be GRANTED IN PART and DENIED IN PART, as follows.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access . . . particularly . . . where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013).

> [T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal citations and quotation marks omitted).

"[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302. "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009).[1] The district court must also "consider whether selectively redacting just the . . . sensitive, and previously undisclosed, information from the sealed . . . documents and then unsealing the rest" would adequately protect the privacy interests of the party seeking to seal court documents. *Pickard*, 733 F.3d at 1304. The fact that information has "already been made public" will undermine a party's privacy concerns. *Id.* at 1305 (citing *Mann*, 477 F.3d at 1149).

In the instant case, Plaintiffs seek to file under seal "certain exhibits that will be comprised of documents produced by Defendants in discovery that Defendants have designated as 'confidential.'" (Doc. 165 at 1.) Plaintiffs indicate that the exhibits to be offered are in support of their responses to Defendants' Opposed Motion for Decertification of the Conditionally Certified Collective Action and Memorandum in Support (Doc. 158) ("Defendants' Motion for Decertification"), and Defendants' Motion and Consolidated Memorandum in Support of their Omnibus Motion for Summary Judgment as to Various Defenses to Plaintiffs' Claims (Doc. 159) ("Defendants' Motion for Summary Judgment"). (*Id.*) Plaintiffs have not further identified the documents they seek to file under seal or explained any party's interest in keeping these documents private. (*See generally id.*) This clearly fails to satisfy Plaintiffs' burden of showing a significant interest that heavily outweighs the public's strong, presumptive right of access to these documents,

---

[1] Unpublished decisions are not binding precedent in the Tenth Circuit but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

which the Court will likely use to adjudicate the parties' substantive legal rights. Further, Plaintiffs do not appear to have considered whether redaction of sensitive and previously undisclosed information in the documents would sufficiently protect the parties' privacy interests. For these reasons, the Court finds that Plaintiffs have failed to justify permanently sealing any documents to be attached as exhibits to their responses at this time.

Because Plaintiffs' deadline for filing their responses to Defendants' motions expires on January 25, 2019, because Plaintiffs represent that Defendants have designated the documents in question as confidential, and to temporarily preserve the documents' confidentiality, the Court will grant the motion in part and allow Plaintiffs to *temporarily* file the documents in question as separate sealed exhibits to their responses to Defendants' motions. However, within ten (10) days of entry of this Order, the parties are directed to confer and attempt to agree upon appropriate redactions to the documents temporarily filed under seal pursuant to this Order. The parties should make these redactions in light of the law discussed herein. Such redactions should be no more extensive than necessary to protect the parties' private, sensitive, previously undisclosed information. If the parties are able to agree upon such redactions, Plaintiffs shall re-file the documents in question unsealed and with the agreed-upon redactions. If the parties cannot agree upon appropriate redactions, either side may file a renewed, properly supported motion to seal the documents. If neither redacted documents nor a renewed motion to seal are filed within twenty-one (21) days of entry of this Order, the Court will unseal the documents.

IT IS THEREFORE ORDERED that Plaintiffs are permitted to file as separate exhibits under seal documents produced by Defendants in discovery that Defendants have designated as "confidential" and on which Plaintiffs rely to support their responses to Defendants' Motion for

Decertification and/or Defendants' Motion for Summary Judgment. Documents so filed will be accessible only by the parties and the Court during the pendency of the seal.

IT IS FURTHER ORDERED that, within **ten (10) days** of entry of this Order, the parties shall confer and attempt to agree upon appropriate redactions to the documents temporarily filed under seal pursuant to this Order. If the parties are able to agree upon such redactions, Plaintiffs shall re-file the documents unsealed and with the agreed-upon redactions. If the parties cannot agree upon appropriate redactions, either side may file a renewed motion to seal the documents. As to each document temporarily filed under seal pursuant to this Order, if neither a redacted document nor a renewed motion to seal is filed within **twenty-one (21) days** of entry of this Order, the Court will unseal the document at issue.

                        IT IS SO ORDERED.

                        _____
                        KIRTAN KHALSA
                        UNITED STATES MAGISTRATE JUDGE