# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Martin F. Coronado, Jr., Martin Coronado Sr., Julio Covarrubias, Ricardo Martinez Gaytan, Noel Guardado, Sergio Reyes, Joe Ruacho, Carlos P. Rueda, and Juan Soto for themselves individually and on behalf of their respective business entities (if any) (collectively, "Plaintiffs") and their respective spouses (if any), beneficiaries, heirs, administrators, executors, assigns, agents and representatives, on the one hand, and Flowers Foods, Inc. and Flowers Baking Co. of El Paso, LLC, (collectively, "Flowers"), on the other. Plaintiffs and Flowers shall be referred to collectively herein as "the Parties."

WHEREAS, the Parties desire to compromise and settle Plaintiffs' claims in *Martin Coronado, Jr., on his own behalf and on behalf of others similarly situated, v. Flowers Foods, Inc., and Flowers Baking Co. of El Paso, LLC*, No. 1:16-CV-00350 (D.N.M.) (the "Action"), as well as any other issues or disputes between them existing at the time of this Agreement, in a comprehensive manner pursuant to the terms of this Agreement;

WHEREAS, the Parties recognize that this is a fair and reasonable resolution that was negotiated in good faith between the Parties, through their counsel, in connection with a bona fide dispute; and

NOW, THEREFORE, for and in consideration of the above and the additional covenants and agreements set forth herein, the Parties expressly agree as follows:

## I.   TERMS OF SETTLEMENT

A.   **Non-Monetary Consideration.** The Parties hereby agree to the following non-monetary terms.

1. All Current Distributor Plaintiffs, including Martin F. Coronado, Jr., Martin Coronado, Sr., Ricardo Martinez Gaytan, Sergio Reyes, Carlos P. Rueda, and Juan Soto ("Current Distributor Plaintiffs") shall sign an Amendment to the Distributor Agreement, which includes an arbitration agreement with a class action waiver, as a condition of Settlement.

2. All Current Distributor Plaintiffs agree that execution of an Amendment to the Distributor Agreement with the arbitration agreement and class action waiver is a material term of the settlement and that they must execute the same before they are entitled to any payment hereunder.

3. The Parties agree that, within two business days of the Agreement being executed, they will file a Joint Motion for Approval of Settlement requesting that the Court approve this Settlement and dismiss the case with prejudice. The Parties agree that with the Court's approval of the settlement, Plaintiffs will promptly file a Notice of Dismissal of Plaintiffs' claims.

B.   **Payments By Flowers.** Provided Plaintiffs have delivered to Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 201 South College Street, Suite 2300, Charlotte, North Carolina

28244, Attention: Margaret Santen, counsel for Flowers ("Flowers' Counsel"), all of the following items:

       1.    A completed IRS Form W-9 for their counsel, Jones, Snead, Wertheim & Clifford, P.A. ("Plaintiffs' Counsel"); and

       2.    Fully executed copies of this Agreement signed by all Plaintiffs and fully-executed copies of the Amendment and arbitration agreement for all Current Distributor Plaintiffs;

within 14 days of this Agreement being executed and the Settlement being approved, Flowers will wire to the Settlement Claims Administrator One Hundred Thirty-Seven and Five Hundred Dollars ($137,500.00), subject to applicable withholdings, which represents payment of Thirty-Five Thousand and Five Hundred Dollars ($35,500.00) for fees, costs, and expenses incurred by Plaintiffs' Counsel and payment of One Hundred and Two Thousand Dollars ($102,000.00), less all applicable FICA payments due to Plaintiffs' statutory employee status for the applicable portion of the settlement payment to Plaintiffs. That is the total amount that Flowers will cause to be paid to Plaintiffs and Plaintiffs' Counsel pursuant to this Settlement. The Settlement Claims Administrator will thereafter pay to Plaintiffs' Counsel and to each Plaintiff individual sums in amounts as directed by Plaintiffs' Counsel and as outlined in **Exhibit A.** Payments to Plaintiffs will be treated as nonemployee compensation. Fifty percent (50%) of the individual payments to each Plaintiff who is not incorporated shall be reported on a Form 1099 and the remaining fifty percent (50%) shall be subject to applicable withholding for "Statutory Employees" under the Internal Revenue Code and reported on a Form W-2 Statutory Employee.

       C.    **Settlement Administration.** Flowers agrees to pay for the costs of a Settlement Claims Administrator to assist in administering the settlement.

       D.    **Confidentiality.** Except as provided below, as may be compelled by a court order or subpoena or as otherwise required under force of law, and except to the extent necessary to obtain approval of this Settlement with the Court, Plaintiffs shall *maintain in strict confidence* the negotiation of this Agreement, and other settlement documents, the contents and terms of this Agreement, and other settlement documents, the consideration for this Agreement, and other settlement documents (including intimating, in any way, the amount of the settlement payments) (hereinafter referred to as "Settlement Information"), to any person, agency, business, organization, or other entity (including, but not limited to, any current or former distributor or employee with Flowers Foods, Inc., Flowers Baking Co. of El Paso, LLC, or any other subsidiary or affiliated entity). Plaintiffs hereby warrant that they have not made any such forbidden disclosure to date. Plaintiffs agree to take every reasonable precaution to prevent disclosure of any Settlement Information and agree that there will be no publicity, directly or indirectly, in any form, concerning any Settlement Information.

       1.    **Permitted Disclosure.** Notwithstanding the above, the Parties agree that nothing in this Agreement shall prohibit any Plaintiff from discussing the existence and terms of this Agreement with his or her spouse or tax, legal or financial advisor(s) provided that, before disclosing the terms of this Agreement, each such Plaintiff advises those persons or entities that the terms of this Agreement and accompanying Releases are confidential and, further, that the disclosure of those terms is prohibited. Further, Plaintiffs acknowledge that nothing in this

Agreement or accompanying Releases prohibits Plaintiffs from cooperating with the EEOC or any other state or local fair employment practices agency. This provision also does not prohibit Plaintiffs from reporting possible violations of federal or state law or regulation to any governmental entity, including but not limited to the Department of Justice and the Securities and Exchange Commission, or from making any other disclosures protected under applicable whistleblower provisions of federal or state law or regulations. Plaintiffs may state that the Action has been resolved to the mutual satisfaction of the Parties, and their doing so or having done so will not violate this Agreement.

2. **Compelled Disclosure.** If any Plaintiff is presented with a court order, subpoena, or other legal instrument that demands the disclosure of any Settlement Information, that Plaintiff will take the following steps: (a) immediately notify Flowers' Counsel of the demand for disclosure and provide Flowers' Counsel with all material information pertaining to that demand; (b) if permissible under the terms of the court order, subpoena or other legal instrument, refrain from disclosing the Settlement Information until after Flowers' Counsel has been notified of the demand; and (c) take all steps reasonably necessary to prevent the disclosure of Settlement Information until such time as Flowers has had a reasonable opportunity to file for a protective order or otherwise protect its interest in preventing the disclosure of the Settlement Information in a court of law.

## II. RELEASE

A. **Mutual Release Of Claims.** For and in consideration of the mutual promises herein contained, and effective at such time as all payments required by the Release have been made, Plaintiffs forever and fully release and discharge the Released Parties (as defined and described in Section II(A)(3), below), of and from any and all sums of money, accounts, claims, interests, demands, contracts, actions, debts, controversies, agreements, damages, losses, and causes of action whatsoever, of whatever kind or nature, known or unknown, suspected or unsuspected, which he now owns, holds, has, or claims to own, hold, or have, arising from transactions between the Parties which are the subject of the Action, as well as any other claims that could have been asserted in the Action, from the beginning of time until the moment Plaintiffs sign this Release. In consideration of Plaintiffs' release of claims against the Released Parties, Flowers and the Released Parties hereby generally release Plaintiffs (as defined in this Release) and each of their respective spouses, partners, shareholders, agents and attorneys from any and all claims, complaints, or liabilities, including attorneys' fees and costs, whether known or unknown, which Flowers ever had, or may claim to have had, from the beginning of time until the moment Flowers signs this Release.

1. **Claims Released.** Any and all claims, demands, causes of action, rights to relief, fees and liabilities of any kind, either that were asserted in or could have been asserted in the Action, that Plaintiffs have or may have against any of the Released Parties (as defined below), from the beginning of time through the Effective Date, arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, New Mexico Minimum Wage Act, Texas wage and hour laws; and any other similar statutes; or that are related to, in any way, any wage and hour, overtime, benefits or other claims based on Plaintiffs' alleged misclassification as independent contractors; and any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described above under applicable federal, state or local laws, statutes, or regulations.

2. **Unknown Claims.** Each Party to this Release understands that he/it is releasing Claims that he/it may not know about. It is each Party's knowing and voluntary intent to release any unknown claim, even though he/it recognizes that someday he/it might learn that some or all of the facts he/it currently believes to be true are untrue, or may discover claims or facts in addition to, or different from, those which he/it now knows or believes to exist that, if known or suspected at the time of executing this Release, may have materially affected this Release, and even though he/it might then regret having signed this Release. Nevertheless, each Party is assuming that risk, and agrees that this Release shall remain effective, in all respects, under any such circumstance. Each Party expressly waives all rights he/it might have under any law that is intended to protect him/it from waiving unknown claims. Each Party has had the opportunity to discuss this with his/its counsel and understands the significance of doing so.

3. **Released Parties.** The Released Parties are: (a) Flowers Baking Co. of El Paso, LLC; (b) Flowers Foods, Inc.; (c) all of Flowers Baking Co. of El Paso, LLC, Flowers Foods, Inc., and its or their current or former parent companies, subsidiary companies, and/or related, affiliated, or predecessor companies, partnerships, and/or joint ventures, and, with respect to each of them, all of its past, present, and future employees, officers, partners, principals, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by, through, under, or in concert with any of the persons or entities listed in this subsection, and their successors. Said parties shall be referred to collectively herein as the "Released Parties."

B. **Limitations.** The Releases contained in Section IV(A), above, do not extend to enforcement of the obligations, terms, and covenants of this Release by either Party. Nor do the Releases purport to waive any claim that cannot be waived by private agreement, including but not limited to the right to file any claim with the EEOC or comparable administrative agency; Plaintiffs, agree, however, to waive any right to monetary relief in connection of the same. Further, the mutual release of claims shall not affect any rights or claims of the Parties that may arise after this Release is executed.

### III. REPRESENTATIONS AND WARRANTIES

A. **No Admission Of Liability.** This Agreement is the result of a compromise of disputed claims and shall never at any time for any purpose be considered as an admission of correctness, liability, or responsibility on the part of any Party. The Parties agree that they will never seek to introduce this Agreement as evidence of an admission of liability or an admission of any violation of any federal, state, or local laws, except as necessary to enforce payment obligations under this Agreement.

B. **Advice Of Legal Counsel.** The advice of legal counsel has been obtained by the Parties prior to the execution of this Agreement. The Parties hereby execute this Agreement voluntarily and with full knowledge of its significance and with the express intention of extinguishing any and all obligations and claims owed by the Parties to each other arising out of or connected with the matters specified herein.

C. **Translation Of Agreement.** To the extent that any Plaintiff is unable to read or

understand some or all of this Agreement (and the accompanying exhibits) because the documents are in English, Plaintiffs' Counsel confirms that such documents/provisions have been translated for such Plaintiff(s). By signing the Agreement, each Plaintiff represents and warrants that he could read and understand the Agreement (and the accompanying exhibits) in English or the translated version.

D. **Non-Assignment Of Claims.** Each Plaintiff represents and warrants that no portion of any claim, right, demand, action, or cause of action which he, she or it has or might have arising out of the matters referred to herein, nor any portion of any recovery or settlement to which he, she or it might be entitled, has been assigned or transferred to any other person, firm, or corporation not a party to this Agreement, in any manner, including by way of subrogation or operation of law or otherwise. In the event that any claim, demand, or suit should be made or instituted against any of the Parties because of any such purported assignment, subrogation, or transfer, the other party agrees to indemnify and hold harmless the party subject to such an action against such claim, suit, or demand and to pay and satisfy any such claim, suit, or demand, including necessary expenses of investigation, actual attorneys' fees, and costs.

E. **Adequate Investigation Of Facts.** In making and executing this Agreement, the Parties have made such investigation of the facts and the law pertaining to the matters described herein and this Agreement as they deem necessary, and they do not rely and have not relied upon any statement or representation, oral or written, made by any of the other Parties to this Agreement with regard to any of the facts involved in any dispute or possible dispute between any of the Parties hereto, or with regard to any of their rights or asserted rights, or with regard to the advisability of making and executing this Agreement.

F. **Assumption Of Risk Of Mistake.** The Parties hereby expressly assume the risk of any mistake of fact or that the true facts might be other or different from facts now known or believed to exist, and it is the express intention of the Parties to forever settle, adjust, and compromise the disputes raised by the Action without regard to who may or may not have been correct in their respective understandings of the facts or the laws relating thereto.

G. **Understanding Of Agreement.** Each of the Parties has read and understands the contents of this Agreement.

H. **Binding Upon Agents And Representatives.** Each and every term of this Agreement shall be binding upon the agents, representatives, insurers, employees, attorneys, heirs, administrators, executors, successors, and assigns of the respective Parties hereto and any parent, subsidiary, or affiliated entity of such Parties.

I. **Integration.** This Agreement and all Exhibits thereto constitutes the entire agreement between each Plaintiff and Flowers pertaining to the subject matter hereof, and further constitutes the final, complete, and exclusive expression of the terms and conditions of their agreement. Any and all prior agreements, representations, negotiations, and understandings, oral or written, express or implied, are hereby extinguished and merged herein. Notwithstanding the foregoing, however, nothing in this Agreement shall otherwise affect or alter the rights and obligations of the Parties as set forth in Plaintiffs' Distributor Agreements, including but not limited to the normal settlement process or any loans with FloFin.

DocuSign Envelope ID: 4B4D8C09-A15B-4B7D-A81F-383768EF69EF

J.    **Cooperation.** The Parties hereto agree to execute any and all other documents and instruments in writing which may be reasonably necessary or proper to effectuate and carry out the purposes of this Agreement.

K.    **Attorneys' Fees.** In the event that any of the Parties hereto should bring any action, suit, or proceeding against any of the other Parties hereto to enforce this Agreement, the validity hereof, any of the terms or provisions hereof, or any of the matters released hereby, or should any of the Parties assert this Agreement as an affirmative defense in an action brought by the other Party, the prevailing Party in such action, suit, or proceeding shall be entitled to recover from the other such Party reasonable attorneys' fees to be fixed by the court or arbitrator and costs incurred in connection therewith, including attorneys' fees and costs relating to any and all appeals or petitions taken with respect to any such action, suit, or proceeding.

L.    **Modifications In Writing.** The Parties agree that any modifications to this Agreement must be made in writing, and for Flowers by a duly-authorized Company official, and must be executed by all of the Parties.

M.    **Governing Law and Forum.** This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without regard to the conflict-of-law rules.

N.    **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same written Agreement.

O.    **Construction.** The Parties, through their counsel, participated in the drafting of this Agreement, and they agree that any rule of construction that agreements are to be construed adverse to the drafter shall not apply herein, including to captions. Should any provisions of this Agreement be declared or determined by a court or arbitrator to be illegal or invalid, the validity of the remaining terms shall not be affected thereby.

P.    **No Waiver.** No waiver of any breach of any term or provision of this Agreement shall be, or shall be construed to be, a waiver of any other breach of this Agreement. No waiver shall be binding under this Agreement unless in writing and signed by the party waiving the breach, and for Flowers by a duly-authorized Company official.

Q.    **Savings Provision.** Should any portion, word, clause, phrase, sentence, or paragraph of this Agreement be declared void or unenforceable, such portion shall be modified or deleted in such a manner as to make this Agreement as modified legal and enforceable to the fullest extent permitted under applicable law.

R.    **Non-Disparagement and No Encouragement of Claims.** Each Plaintiff agrees that he will not defame or disparage any of the Released Parties, including, but not limited to, by means of any social media outlet. Each Plaintiff further covenants that he shall not in any way encourage any person or entity (including, but not limited to, any other current or former employee or distributor of Flowers Foods, Inc., Flowers Baking Co. of El Paso, LLC, or any other related entity) to take any legal or administrative action against any of the Released Parties or any other related entity, and shall not in any way provide assistance to any such person or entity in any legal or administrative action against any of the Released Parties, except to the extent that each

Plaintiffs' assistance is compelled by legal process. Flowers agrees that it will not defame or disparage any of the Plaintiffs, including, but not limited to, by means of any social media outlet.

**EACH PLAINTIFF ACKNOWLEDGES AND AGREES THAT HE, SHE OR IT HAS READ THIS AGREEMENT, HAS HAD THE OPPORTUNITY TO DISCUSS THE CONTENTS OF THIS AGREEMENT WITH THEIR COUNSEL AND HAS DONE SO, AND HAS ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

WHEREFORE, the Parties hereto have executed this Agreement on the dates set forth opposite their respective signatures.

Dated: ~~March~~ April 13, 2022.

MARTIN F. CORONADO, JR.

By: _____
Martin F. Coronado, Jr.

Dated: ~~March~~ April 13, 2022.

MARTIN CORONADO, SR.

By: _____
Martin Coronado

Dated: March ___, 2022.

JULIO COVARRUBIAS

By: _____
Julio Covarrubias

Dated: ~~March~~ April 13-2022.

RICARDO MARTINEZ GAYTAN

By: _____
Ricardo Martinez Gaytan

Dated: ~~March~~ ABRIL-13-2022.

NOEL GUARDADO

By: _____
Noel Guardado

DocuSign Envelope ID: 4B4D8C09-A15B-4B7D-A81F-383768EF69EF

EACH PLAINTIFF ACKNOWLEDGES AND AGREES THAT HE, SHE OR IT HAS READ THIS AGREEMENT, HAS HAD THE OPPORTUNITY TO DISCUSS THE CONTENTS OF THIS AGREEMENT WITH THEIR COUNSEL AND HAS DONE SO, AND HAS ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

WHEREFORE, the Parties hereto have executed this Agreement on the dates set forth opposite their respective signatures.

Dated: March __, 2022.

MARTIN F. CORONADO, JR.

By: _____
Martin F. Coronado, Jr.

Dated: March __, 2022.

MARTIN CORONADO, SR.

By: _____
Martin Coronado

Dated: ~~March~~ April 14, 2022.

JULIO COVARRUBIAS

By: *Julio Cesar Covarrubias*
Julio Covarrubias

Dated: March __, 2022.

RICARDO MARTINEZ GAYTAN

By: _____
Ricardo Martinez Gaytan

Dated: March __, 2022.

NOEL GUARDADO

By: _____
Noel Guardado

Dated: ~~March~~ April 13, 2022.                    SERGIO REYES

By: _____
    Sergio Reyes

Dated: ~~March~~ April 12, 2022.                    JOE RUACHO

By: _____
    Joe Ruacho

Dated: ~~March~~ April 13, 2022.                    CARLOS P. RUEDA

By: _____
    Carlos P. Rueda

Dated: ~~March~~ April 13, 2022.                    JUAN SOTO

By: _____
    Juan Soto

Dated: March 31, 2022.                          FLOWERS FOODS, INC.

                                                By: *Stephanie B. Tillman* (DocuSigned)
                                                Stephanie B. Tillman
                                                Chief Legal Counsel


Dated: March 31, 2022.                          FLOWERS BAKING CO. OF EL PASO, LLC

                                                By: *Stephanie B. Tillman* (DocuSigned)
                                                Stephanie B. Tillman
                                                Assistant Secretary


**Approved As To Form:**
Dated: ~~March~~ April 13, 2022.                JONES, SNEAD, WERTHEIM & CLIFFORD, P.A.

                                                By: *Jenny Kaufman*
                                                Jenny Kaufman

                                                Attorneys for Plaintiffs


Dated: ~~March~~ April 18, 2022.                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                                                By: *Margaret Santen*
                                                Margaret Santen

                                                Attorneys for Flowers Foods, Inc., Flowers Baking Co. of El Paso, LLC,

# Exhibit A

Pursuant to Section I(B)(3) of the foregoing Settlement Agreement, after disbursement of payment to Plaintiffs' counsel for costs, fees, and expenses, the Settlement Claims Administrator will pay each Plaintiff individual sums in amounts as directed by Plaintiffs' Counsel and outlined below:

| Name | Start Date | End Date | Fair Labor Standards Act (FLSA) Recovery | Consideration for Amendment to the Distributor Agreement, including an Arbitration Agreement with a Class Action Waiver |
|---|---|---|---|---|
| Martin F. Coronado, Jr. | 11/19/2001 | Current | $9,000 | $3,500 |
| Martin Coronado | 9/28/1992 | Current | $9,000 | $3,500 |
| Julio Covarrubias | 11/11/2002 | 11/26/2019 | $9,000 | N/A |
| Ricardo Martinez Gaytan | 2/23/2015 | Current | $9,000 | $3,500 |
| Noel Guardado | 11/20/1995 | 8/17/2020 | $9,000 | N/A |
| Sergio Reyes | 11/19/2007 | Current | $9,000 | $3,500 |
| Joe Ruacho | 8/27/2007 | 7/24/2021 | $9,000 | N/A |
| Carlos P. Rueda | 4/18/1994 | Current | $9,000 | $3,500 |
| Juan Soto | 4/14/2014 | Current | $9,000 | $3,500 |