IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARTIN F. CORONADO, JR., on his own behalf and
on behalf of all others similarly situated,**

          **Plaintiff,**

vs.                                                                                    Civ. No.  16-350 JCH/KK

**FLOWERS FOODS, INC., and
FLOWERS BAKING CO. OF
EL PASO, LLC,**

          **Defendants.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the *Joint Motion for Approval of Proposed Collective Action Settlement* [Doc. 215], in which the parties ask the Court to approve the settlement of Plaintiffs' Fair Labor Standards Act ("FLSA") claims against Defendants Flowers Foods, Inc. and Flowers Baking Co. of El Paso, LLC ("Flowers"). After reviewing the motion, the affidavits, and the settlement agreement, and after considering the law and the facts, the Court concludes that the motion should be granted and the settlement agreement should be approved.

## LEGAL STANDARD

In a lawsuit by employees against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to "protect certain groups of the population from

substandard wages and excessive hours... due to the unequal bargaining power as between employer and employee." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

However, the requirement of court approval of FLSA settlements has recently been called into question by some courts, including the District of New Mexico. *See, e.g., Riley v. D. Loves Rests., LLC*, No. 20-1085 WJ/KK, 2021 WL 1310973, at *1-4 (D.N.M. Apr. 8, 2021) (concluding that court need not approve private settlement of bona fide dispute regarding FLSA liability); *Lawson v. Procare CRS, Inc.*, No. 19-00248-TCK-JFJ, 2019 WL 112781, at *2-3 (N.D. Okla. Jan. 4, 2019) (same); *Fails v. Pathway Leasing LLC*, No. 18-00308-CMA-MJW, 2018 WL 6046428, at *2-4 (D. Colo. Nov. 19, 2018) (same). While this issue has not been settled by the Tenth Circuit, "there does not appear to be disagreement at this time over whether FLSA settlements may be approved by the Court." *Slaughter v. Sykes Enters., Inc.*, No. 17-02038-KLM, 2019 WL 529512, at *6 (D. Colo. Feb. 11, 2019) (citing *Thompson v. Qwest Corp.*, No. 17-1745-WJM-KMT, 2018 WL 2183988, at *2 (D. Colo. May 11, 2018)). The parties here request court approval and neither suggests that it is not required. Accordingly, the Court applies the standard used by district courts in the Tenth Circuit to scrutinize FLSA settlements.

In order to approve a settlement under the FLSA, "the district court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains an award of reasonable attorney fees." *See, e.g., Mpia v. Healthmate Int'l, LLC*, No. 19-CV-02276-JAR, 2021 WL 2805374 at *1 n.4 (D. Kan. Jul. 6, 2021) (unpublished) (citing *Geist v. Handke*, No. 2:17-CV-02317-HLT, 2018 WL 6204592 (D. Kan. Nov. 28, 2018) (unpublished) and *Lynn's Food Stores*, 679 F.2d at 1354)). Each of these requirements is satisfied here.

## **DISCUSSION**

**I.     Bona Fide Dispute**

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists. *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1234 (M.D. Fla. 2010). In their extensive briefing on both the Defendants' motion for summary judgment and their motion for decertification, the parties have presented to this Court: (1) a detailed description of the nature of the dispute; (2) a detailed description of Flowers' business and the type of work performed by the plaintiffs; (3) Flowers' reasons for disputing the plaintiffs' right to overtime; (4) the plaintiffs' justification for the disputed wages; and (5) Flowers' reasons for disputing the plaintiffs' right to additional compensation. The parties likewise disagree about the merits of plaintiffs' claims and the validity of Flowers' defenses. Plaintiffs acknowledge that resolution of these issues would therefore require significant litigation, with the possibility of limited to no recovery on either side.

The Court finds that a bona fide dispute exists.

**II.    Fair and Reasonable**

To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employees and must not frustrate the FLSA policy rationales. *Baker v. Vail Resorts Mgmt. Co.*, Case No. 13-CV-01649-PAB-CBS, 2014 WL 700096, at *2 (D. Colo. Feb. 24, 2014). When determining whether a settlement is fair and reasonable, courts weigh a number of factors, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation

to the potential recovery. *Hargrove v. Ryla Teleservices, Inc.*, Case No. 2:11CV344, 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013) (citation omitted). There is a strong presumption in favor of finding a settlement fair. *Id*.

The parties in this case have engaged in extensive discovery and motion practice, enabling them to fully explore the merits of their respective positions. The parties also have representation from experienced counsel, and this Court attributes significant weight to their professional judgment that this agreement represents a fair and reasonable settlement of this dispute. Further, the Court finds that this settlement is a product of extensive arms-length negotiations that took place over the course of months, including a settlement conference with a United States Magistrate Judge and the exchange of multiple offers and counteroffers. The settlement also delivers fair value to plaintiffs, who will receive compensation for overtime without the risk, expense, and heartache that comes with protracted litigation and trial, the outcome of which is uncertain. The settlement specifically obligates Flowers to pay a gross amount of $137,500, of which $21,000 ($3,500 apiece) will be paid to those six plaintiffs currently working as distributors for Flowers Foods in exchange for their agreement to enter into a mutual arbitration agreement with Flowers that contains a class and collective action waiver applicable to any future disputes between them. Under that agreement, Flowers will pay all fees and costs associated with arbitration, and ample discovery will be permitted. After deductions are made for attorney fees and costs, another $81,000 will be divided equally among the nine plaintiffs for recovery under the FLSA. The parties represent that they believe the settlement amount to be fair and reasonable.

Accordingly, the Court finds that the Settlement is fair and reasonable.

### III. Attorney's Fees

The FLSA entitles a prevailing plaintiff to recover "a reasonable attorney's fee ... and costs of the action." 29 U.S.C. § 216(b); *see, e.g., Gray v. Phillips Petrol. Co.*, 971 F.2d 591, 593 (10th Cir. 1992). Though the fee is mandatory, the Court has discretion to determine the amount and reasonableness of the fee. *Wright v. U–Let–Us Skycap Serv., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986). In common fund cases, it is standard to use a percentage method when calculating attorneys' fees. *See Gottlieb v. Barry*, 43 F.3d 474, 482-83 (10th Cir. 1994), abrogated on other grounds by *Devlin v. Scardelletti*, 536 U.S. 1 (2002); *Barr v. Qwest Communications Co., LLC*, Case No. 01-cv-00748-WYD-KLM, 2013 WL 141565, *3-4 (D. Colo. Jan. 11, 2013). Regardless of the method used to calculate fees, the fees awarded must be reasonable. *Gottlieb,* 43 F.3d at 482 (citing *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993) (implying a preference for the percentage of the fund method)).

Here, the plaintiffs' counsel will be paid $35,500 for fees, costs, and expenses, which is about 25.8% of the total settlement amount. This is significantly below the traditional 33% awarded to plaintiffs' counsel in contingency fee cases. Furthermore, that amount—$35,500—is a significant reduction from the amount of fees attributable to plaintiffs' counsel using the lodestar method, which is a little over $46,000. Based on the affidavits of Jenny Kaufman and Philip Davis [Docs. 215-2], the Court finds both the hourly rates of the plaintiffs' counsel, along with the hours spent on this complex and protracted litigation, to be reasonable. Therefore, the awarded fee of $35,500 is a reduction in favor of the plaintiffs, and the Court finds it to be both fair and reasonable.

**IT IS THEREFORE ORDERED** that the *Joint Motion for Approval of Proposed Collective Action Settlement* [Doc. 215]is **GRANTED,** and the Settlement Agreement is hereby **APPROVED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE